Filed 11/20/13  P. v. Sterling CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059034 |
| v. | (Super.Ct.No. RIF097911) |
| ROY CLIFTON STERLING, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Affirmed.

Beatrice C. Tillman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Roy Clifton Sterling appeals from an order denying his petition for recall of his indeterminate life term under Penal Code section 1170.126, subdivision (f).[1]  We will affirm the order.

I

PROCEDURAL BACKGROUND

On December 20, 2001, a jury found defendant guilty of possessing a counterfeit bill.  (§ 476.)  In a bifurcated bench trial, the trial court found true that defendant had suffered two prior strike convictions (§§ 667, subds. (c) & (e), 1170.12, subd. (c)) for second degree murder in 1978 and assault with a firearm in 1988, and that defendant had served four prior prison terms (§ 667.5, subd. (b)).  On May 3, 2002, after the trial court denied defendant's motion to strike one of his prior strike convictions, defendant was sentenced to a total indeterminate term of 25 years to life in state prison under the three strikes law.

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act.  Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the three strikes law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second striker.  (§ 1170.126, subd. (f).)  If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant.  (§ 1170.126, subds. (f), (g).)

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

On May 13, 2013, defendant filed in pro. per. a petition for resentencing under section 1170.126. The trial court denied the petition on May 21, 2013, finding defendant ineligible for resentencing under section 1170.126. Defendant filed a timely notice of appeal.

## III

## DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and one potential arguable issue: whether the trial court erred in finding defendant ineligible for resentencing under section 1170.126.

Section 1170.126, applies exclusively to those "persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Section 1170.126 sets forth a procedure through which certain prisoners can petition the court for resentencing. Such a person may file a petition to recall his or her sentence and be sentenced as a second strike offender. (§ 1170.126, subd. (b).) An inmate is eligible for such resentencing if none of his or her commitment offenses constitute serious or violent felonies *and* none of enumerated factors disqualifying a defendant for resentencing under Proposition 36 apply. (§ 1170.126, subd. (e).)

Section 1170.126, subdivision (e)(3), provides that an inmate is eligible for resentencing if "[t]he inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." Defendant here has a prior conviction for second degree murder, an offense listed in sections 667, subdivision (e)(C)(iv)(IV), and 1170.12, subdivision (c)(C)(iv)(IV). Defendant was therefore ineligible for resentencing under section 1170.126.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

II

DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                            P. J.


We concur:


RICHLI
            J.


CODRINGTON
            J.


4